# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

| | |
|---|---|
| SAMUEL BACK,<br>on Behalf of Himself and All<br>Others Similarly-Situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>RAY JONES TRUCKING, INC.,<br>TERESA JONES, GRANT JONES and<br>STEVE JONES,<br><br>    *Defendants.* | **PROPOSED COLLECTIVE ACTION<br>UNDER FLSA AND CLASS ACTION<br>UNDER KWHA**<br><br>CASE NO.  4:22-CV-5-JHM<br><br><br><br>**JURY DEMANDED** |

## COMPLAINT

Comes Plaintiff Samuel Back, by and through counsel, and, for his Collective and Class Action Complaint against Defendants Ray Jones Trucking, Inc., Teresa Jones, Grant Jones and and Steve Jones, states as follows:

### Summary of the Action

1.      Defendant Ray Jones Trucking, Inc. employed Plaintiff and many others as truck drivers.  The drivers worked overtime in many workweeks but were not paid overtime compensation.  Instead, Defendant would pay the drivers at the same rate whether the work was more or less than forty hours in the work week.  There is a Motor Carrier's Act exemption to the Fair Labor Standards Act for persons driving in interstate commerce for an interstate carrier certain vehicles weighing more than ten thousand pounds (29 U.S.C. § 213(b)(1)).  However, the exemption did not apply to Plaintiff or the other drivers, and they were therefore entitled to overtime pay, because Defendant Ray Jones Trucking, Inc. was not an interstate carrier and the

drivers did not drive in "interstate commerce" as defined under the Motor Carrier's Act. In fact, Defendant Ray Jones Trucking, Inc. represented to the federal government under penalty of perjury that it was not an interstate carrier and that none of its drivers were driving in interstate commerce. Defendants Teresa Jones, Grant Jones and Steve Jones controlled Defendant Ray Jones Trucking, Inc. and participated in and caused its nonpayment of overtime, and should therefore be jointly and severally liable with Defendant Ray Jones Trucking, Inc. for its violations.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims of Plaintiff and those similarly situated pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

3. This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the KWHA because they are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy and arise from the same set of operative facts as Plaintiff's claims under the FLSA.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant Ray Jones Trucking, Inc. conducted business within the District and, from its principal place of business in Muhlenberg County, Kentucky (within the District of this Court), and employed Plaintiff and other similarly-situated employees who worked within the District of this Court, and Defendants Teresa Jones, Grant Jones and Steve Jones controlled Defendant Ray Jones Trucking, Inc. in this District.

## PARTIES

5. During a portion of the three (3) year prior to the filing of this Complaint (and during a portion of the five (5) year period prior to the filing of this Complaint), Plaintiff Samuel Back was employed by Defendant Ray Jones Trucking, Inc. as a truck driver performing work that

was not exempt from the requirements of the FLSA. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to serving as a Plaintiff in this action, and Plaintiff's consent is attached hereto as Exhibit 1.

6. Defendant Ray Jones Trucking, Inc. is a Kentucky for-profit corporation and has a principal place of business at 3296 State Route 181 South, Greenville, KY 42345, and may be served by service of process on its registered agent, Teresa Jones, at 3296 State Route 181 South, Greenville, KY 42345.

7. Upon information and belief, Defendants Teresa Jones, Grant Jones and Steve Jones are each a director, part-owner, and managing agent of Defendant Ray Jones Trucking, Inc.; each exercises operational control over Defendant Ray Jones Trucking, Inc. and participated in the formulation of the policy of Defendant Ray Jones Trucking, Inc. to not pay overtime compensation for the overtime work of its truck driver employees, and each caused Defendant Ray Jones Trucking, Inc. to engage in the violations of the FLSA and KWHA alleged herein.

8. Defendant Ray Jones Trucking, Inc. is subject to the FLSA's "enterprise coverage," under which all employees of an enterprise engaged in interstate commerce (as defined in the FLSA[1]) are covered by the FLSA, whether or not each individual employee is involved in work in interstate commerce (as defined in the FLSA). 29 U.S.C. § 203 (r), (s).

---

[1] The Fair Labor Standards Act contains different definitions of "interstate commerce" than the Motor Carrier's Act. *See* 29 C.F.R. § 782.7 ("section 13(b)(1) of the Fair Labor Standards Act does not exempt an employee of a carrier from the act's overtime provisions unless it appears, among other things, that his activities as a driver, driver's helper, loader, or mechanic directly affect the safety of operation of motor vehicles in transportation in interstate or foreign commerce within the meaning of the Motor Carrier Act. What constitutes such transportation in interstate or foreign commerce, sufficient to bring such an employee within the regulatory power of the Secretary of Transportation under section 204 of that act, is determined by definitions contained in the Motor Carrier Act itself. These definitions are, however, not identical with the definitions in the Fair Labor Standards Act which determine whether an employee is within the general coverage of the wage and hours provisions as an employee "engaged in (interstate or foreign) commerce." For this reason, the interstate commerce requirements of the section 13(b)(1) exemption are not necessarily met by establishing that an employee is "engaged in commerce" within the meaning of the Fair Labor Standards Act when performing activities as a driver, driver's helper, loader, or mechanic, where these activities are sufficient in other respects to bring him within the exemption"); *see also* American Bar Association, Section of Labor and Employment, Fair Labor Standards Legislation Committee, Ch. 6.III.A.3.c (i) . ("[t]he definition of 'interstate or

9. Defendant Ray Jones Trucking, Inc.'s annual sales have, at all relevant times to this Complaint, exceeded $500,000.00.

10. At all times relevant to this Complaint, Defendant Ray Jones Trucking, Inc. has had at least two employees.

11. While the freight moved in trucks by Plaintiff and the other similarly-situated truck driver employees of Defendant Ray Jones Trucking, Inc. does not move in "interstate commerce" as that term is defined in the Motor Carrier's Act, Defendant Ray Jones Trucking, Inc. has, at all times relevant, employed two or more employees who, as part of their work, handle or otherwise work on goods or materials that have been moved in interstate commerce.

12. Specifically, Plaintiff and the similarly-situated employees handle, as part of their work, fuel for the trucks that has moved in interstate commerce

13. Further, upon information and belief, Plaintiff and the similarly situated employees drove (in Kentucky) trucks that were built in other states of the United States.

14. Defendant Ray Jones Trucking, Inc. is an enterprise engaged in commerce or in the production of goods for commerce, as defined in 29 U.S.C. § 203.

**Factual Allegations**

15. The exemption of an employee from the hours provisions of the Fair Labor Standards Act under the Motor Carrier's Act exemption depends both on the class to which his or her employer belongs and on the class of work involved in the employee's job.

16. Defendant Ray Jones Trucking, Inc. does not belong to the class of employers entitled to exempt its employees from the overtime requirements of the FLSA; specifically, the

---

foreign commerce' under the MCA is not identical to the definition of 'interstate or foreign commerce' ending under the FLSA…. Consequently, transportation by motor vehicle that is in 'interstate commerce' under the FLSA may not constitute transportation over which the DOL has the power to exercise control and upon which the Section 13(b)(1) exemption is based").

Motor Carrier's Act exemption does not apply to employees of carriers who are not carriers subject to the jurisdiction of the United States Department of Transportation, and Defendant Ray Jones Trucking, Inc. was and is not an interstate motor carrier and was and is not subject (and has held itself out as not subject) to the jurisdiction of the United States Department of Transportation under the Motor Carrier's Act.

17. Further, the type of work performed by Plaintiff and the similarly-situated employees did not support the application of the exemption; they drove trucks, but drove them solely in Kentucky and did not drive them in interstate commerce as defined in the Motor Carrier's Act.

18. These issues are addressed in turn below.

A. **Defendant Ray Jones Trucking, Inc. is Not an Interstate Motor Carrier and Is Therefore Ineligible to Assert the Motor Carrier's Act Exemption.**

19. Defendant Ray Jones Trucking, Inc. is not an interstate motor carrier, and therefore it is ineligible to assert that its employees are exempt from the FLSA's overtime requirements under the Motor Carrier's Act exemption (regardless of the activities of the employees).

20. Indeed, Defendant Ray Jones Trucking, Inc. itself represented to the United States Department of Transportation Federal Motor Carrier Safety Administration ("FMCSA") that it and its drivers did not operate in interstate commerce (as defined in the Motor Carriers Act) and instead operated "intrastate" only.

21. Specifically, while carriers who are intrastate only are not required by federal law to apply for a U.S. Department of Transportation number, the state law of certain states, including Kentucky, requires all carriers, including "intrastate only" carriers operating solely within that state and not engaging in interstate commerce (as defined in the Motor Carrier's Act), to obtain a U.S. Department of Transportation number.

22. FMCSA has accordingly designed Form MCS-150, which is FMCSA's form of application for a U.S. Department of Transportation number and which allows carriers to represent to the federal government whether the applicant is engaged in interstate commerce (and thus will be subject to federal regulation) or is "intrastate" only (and thus not subject to federal regulation, but instead seeking the U.S. Department of Transportation number to comply with state law).

23. A copy of the form of Form MCS-150 which FMCSA makes available and requires applicants for and holders of U.S. Department of Transportation numbers to use (as revised December 13, 2020) is attached hereto as Exhibit 2.

24. FMCSA includes the instructions to Form MCS-150 in the same file as the Form MCS-150 itself; upon information, at all times relevant (i.e., from the last Form MCS-150 Defendant Ray Jones Trucking, Inc. filed prior to January 8, 2017 to the present), FMCSA has included the instructions to Form MCS-150 in the same file as the Form MCS-150 itself so that any person downloading Form MCS-150 would automatically also download the instructions.

25. Upon information and belief, Defendant Ray Jones Trucking, Inc. completed numerous Forms MCS-150 using the form attached hereto as Exhibit 2 (or using prior versions of Form MCS-150) and submitted them to FMCSA.

26. Upon information and belief, each and every Form MCS-150 submitted by Defendant Ray Jones Trucking, Inc. to FMCSA was signed under penalty of perjury.

27. Accordingly, upon information and belief, Defendant Ray Jones Trucking, Inc. knew that, if it submitted a Form MCS-150 without the box labelled "Interstate Carrier" checked (in section 22 of Exhibit 2 and/or equivalent sections of prior versions of Form MCS-150), Defendant Ray Jones Trucking, Inc. was representing to FMCSA under penalty of perjury that it

was not involved in and did not plan to be involved in "interstate commerce" as defined in the Motor Carrier's Act.

28. Further, upon information and belief, Defendant Ray Jones Trucking, Inc. knew that, if it submitted a Form MCS-150 without the box labelled "Interstate Carrier" checked (in section 22 of Exhibit 2 and/or equivalent sections of prior versions of Form MCS-150), Defendant Ray Jones Trucking, Inc. was representing to FMCSA under penalty of perjury that it was not involved in and did not plan to be involved in "interstate commerce" as defined in the instructions to Section 22 of Form MCS-150 (and/or the instructions to equivalent sections of prior versions of Form MCS-150).

29. Both Section 22 of Form MCS-150 (as revised December 13, 2020) and the instructions to Section 22 of Form MCS-150 (as revised December 13, 2020) expressly stated that the company completing the form should "check" or "select" "all that apply" from among the list of categories of "Company Operations" shown in Section 22, which included a category of "Interstate Carrier" and a separate category of "Intrastate Non-Hazmat Carrier".

30. The instructions to Section 22 of Form MCS-150 (as revised December 13, 2020) expressly stated that a company should check "Interstate Carrier" under the following circumstances:

> A. Interstate Carrier – The company is an Interstate Carrier if any part of its operation transports property or passengers in support of interstate commerce, i.e., the property or passengers cross State lines either before the company received them, while the company is transporting them, or after the company has transferred the property or passengers. The transportation of the property or passengers may include transport by plane, train, or boat in addition to the company's commercial motor vehicle. For example: if the origination and destination indicated on the bill of lading – when one exists – are not in the same State, then the shipment is interstate and the company needs to be registered as an Interstate Carrier.
>
> The company is also considered to be an Interstate Carrier if the property or passengers being transported will ever do ANY of the following:

- Cross State lines (including a place outside the United States)
- Move from the United States or a U.S. territory to a foreign country, or vice versa
- Have origination and destination points within a State, but pass through another State or foreign country during transport.

Upon information and belief, each and every Form MCS-150 submitted by Defendant Ray Jones Trucking, Inc. to FMCSA included (in section 22 of Exhibit 2 and/or equivalent sections of prior versions of MCS-150) a check to the box labelled "Intrastate Non-Hazmat Carrier".

31. Upon information and belief, each and every Form MCS-150 submitted by Defendant Ray Jones Trucking, Inc. to FMCSA included (in section 22 of Exhibit 2 and/or equivalent sections of prior versions of MCS-150) no check on the box labelled "Interstate Carrier".

32. Upon information and belief, each and every Form MCS-150 submitted by Defendant Ray Jones Trucking, Inc. to FMCSA included a number of drivers only under the "Intrastate" column of section 27 of Exhibit 2 (and/or equivalent sections of prior versions of MCS-150), and included no number of drivers (or a zero) under the "Interstate" column of section 27 of Exhibit 2 (and/or equivalent sections of prior versions of MCS-150).

33. In other words, upon information and belief, each and every Form MCS-150 submitted by Defendant Ray Jones Trucking, Inc. to FMCSA represented to FMCSA under penalty of perjury that all of its drivers were not involved in interstate commerce.

34. FMCSA has developed a Safety and Fitness Electronic Records ("SAFER") system to provide information to the public about U.S. Department of Transportation number holders.

35. Attached hereto as Exhibit 3 is FMCSA's description of the SAFER system, as maintained on FMCSA's website (as of August 18, 2021).

36. Upon information and belief, FMCSA includes in the information displayed through its SAFER system the information each applicant for a US Department of Transportation number provides to FMCSA on the Form MCS-150 required for applying for (and required to be filed periodically thereafter by holders of) a US Department of Transportation number.

37. Accordingly, upon information and belief, where FMCSA's SAFER system displays for a company's "Company Operations" that a company is "Intrastate Only (Non-HM)" and not "Interstate," the SAFER system does so based on the information represented by that company to FMCSA under penalty of perjury on the company's latest Form MCS-150 (and, specifically, because the company checked "Intrastate Non-Hazmat Carrier" and did not check "Interstate Carrier" under the "Company Operations" section on the company's latest Form MCS-150.

38. Attached hereto as Exhibit 4 are search results for Defendant Ray Jones Trucking, Inc. on the FMCSA's SAFER system reflecting the content of FMCSA's management information systems for Defendant Ray Jones Trucking, Inc. as of January 10, 2022.

39. The results reflect that Defendant Ray Jones Trucking, Inc. is "Intrastate Only."

40. In the alternative, even if Defendant Ray Jones Trucking, Inc. was an interstate motor carrier eligible to assert the Motor Carrier Act exemption (it was not, as addressed above), Defendant Ray Jones Trucking, Inc., having represented to the United States Department of Transportation under penalty of perjury that it was not operating in interstate commerce, should be barred by the doctrines of judicial estoppel and unclean hands from asserting in this action that it qualifies as a motor carrier subject to the jurisdiction of the Department of Transportation eligible to assert the Motor Carrier Act exemption.

**B.      Plaintiff and Similarly-Situated Employees Did Not Drive in Interstate Commerce**

41.     Even setting aside Defendant Ray Jones Trucking, Inc.'s own status (as not being an interstate motor carrier), the Motor Carrier's Act exemption did not apply to the work of Plaintiff and the other employees.

42.     Plaintiff and Defendant Ray Jones Trucking, Inc.'s other drivers did not drive trucks in interstate commerce (as defined by the Motor Carrier's Act).

43.     Upon information and belief, Defendant Ray Jones Trucking, Inc. did not have insurance that would provide it with coverage for activities engaging in interstate commerce as defined in the federal Motor Carrier's Act.

44.     Plaintiff and the other employees who worked for Defendant Ray Jones Trucking, Inc. reasonably expected that they would never be called upon (and in fact were never called upon) to drive truck loads or otherwise perform work involving interstate commerce (as defined in the Motor Carrier's Act).

45.     Instead, Plaintiff and the other drivers would perform work that would not involve interstate commerce; for example, the drivers would drive coal from a Kentucky coal mine solely through Kentucky to a Kentucky power plant where it would later be burned (having never left Kentucky), or would drive garbage or wastewater treatment plant byproducts from one location in Kentucky solely through Kentucky to a landfill in Kentucky, where it would later be buried.

46.     Upon information and belief, like Plaintiff, all of the other truck driver employees of Defendant Ray Jones Trucking, Inc. performed exclusively work that did not involve driving loads in interstate commerce (as defined in the Motor Carrier's Act), but were improperly classified by Defendant Ray Jones Trucking, Inc. as exempt and not paid overtime compensation.

47. In the alternative, even if Defendant Ray Jones Trucking, Inc. had Plaintiff and/or other truck driver employees of Defendant Ray Jones Trucking, Inc. sometimes drive in interstate commerce (it did not as addressed above), Defendant Ray Jones Trucking, Inc., having represented to the United States Department of Transportation under penalty of perjury that none of its employees were operating in interstate commerce, should be barred by the doctrines of judicial estoppel and unclean hands from asserting in this action the opposite (that those same employees were operating in interstate commerce).

48. Further, in alleging details relevant to the applicability of the Motor Carrier's Act exemption; Plaintiff notes that the burden of proving that the exemption applies (including proving that the employee was performing work in interstate commerce) is on the Defendant Ray Jones Trucking, Inc.; thus, in the alternative, to the extent Defendant Ray Jones Trucking, Inc. is found not to be barred by the doctrines of judicial estoppel and unclean hands from asserting in this action the opposite of what it represented under penalty of perjury to the federal government, and to the extent that Defendant Ray Jones Trucking, Inc. further establishes that Plaintiff and/or similarly-situated employees drove in interstate commerce, but only establishes such facts with respect to particular time periods, Plaintiff and the similarly-situated employees should be awarded overtime compensation for all other time periods.

    C.  **Defendant Ray Jones Trucking, Inc. Did Not Pay Overtime Pay**

49. Defendant Ray Jones Trucking, Inc. paid Plaintiff and its other truck drivers employees based on a formula that supposedly paid the driver a percentage of the amount Defendant Ray Jones Trucking, Inc. earned from delivering the coal driven by the driver.

50. The amount paid by Defendant Ray Jones Trucking, Inc. thus corresponded with the amount received by Defendant Ray Jones Trucking, Inc. for the coal being delivered.

51. Defendant Ray Jones Trucking, Inc. was paid for the coal being delivered on a per ton basis, and, therefore, Defendant Ray Jones Trucking, Inc. paid Plaintiff and its other truck drivers employees on a per ton basis for delivering coal.

52. Plaintiff worked more than forty hours in one or more workweeks in the three years preceding the filing of this Complaint.

53. Defendant Ray Jones Trucking, Inc.'s other drivers also worked more than forty hours in most workweeks; the similarly-situated drivers each worked more than forty hours in at least one workweek for which wages (but not overtime wages) were paid in the last three years.

54. Defendant Ray Jones Trucking, Inc. did not pay Plaintiff and its other truck driver employees a higher per-ton rate for deliveries performed during times when Plaintiff was working in excess of forty hours in a particular workweek.

55. To the contrary, when Plaintiff would work more than forty hours in a workweek, which he and Defendant Ray Jones Trucking, Inc.'s other truck drivers employees frequently did, he would continue to be paid at the same per-ton rate for deliveries made after having worked more than forty hours in the workweek as he had been paid for deliveries made during the first forty hours in the workweek.

## PROPOSED COLLECTIVE AND CLASS DEFINITIONS

56. Plaintiff brings Count I of this lawsuit pursuant to FLSA, 29 U.S.C. § 216(b) as a collective action, individually, and on behalf of himself and the following class:

> All current and former truck driver employees of Ray Jones Trucking, Inc. who were not paid at an overtime rate of pay for such employee's work in excess of forty hours in one or more workweeks since January 8, 2019, despite the employee qualifying for overtime compensation (the "FLSA Collective").

57. Plaintiff brings Counts II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, individually, and on behalf of himself and the following class:

> All current and former truck driver employees of Ray Jones Trucking, Inc. who were not paid at an overtime rate of pay for such employee's work in excess of forty hours in one or more workweeks since January 8, 2017, despite the employee qualifying for overtime compensation (the "Kentucky Class").

58. The FLSA Collective and the Kentucky Class are together referred to as the "Classes."

59. Plaintiff reserves the right to redefine the Classes prior to notice, and thereafter, as necessary.

### COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

60. Plaintiff brings this action under the FLSA on behalf of himself and all similarly-situated current and former employees of Defendant Ray Jones Trucking, Inc. who worked for Defendant Ray Jones Trucking, Inc. and were not fully-paid for their overtime work which Defendant Ray Jones Trucking, Inc. should have paid within the last three years, as defined in paragraph 56.

61. Plaintiff desires to pursue an FLSA claim as a collective action representative on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

62. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant Ray Jones Trucking, Inc.'s previously described common pay practices (of not paying overtime rates of pay to truck drivers, even if they qualified for overtime pay) and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, inter alia, Defendant Ray Jones Trucking, Inc.'s common compensation, time-keeping and payroll practices.

63. Specifically, the employment policies, practices and agreements of Defendant Ray

Jones Trucking, Inc. raise questions of fact common to the proposed collective group including:

    a. whether Defendant Ray Jones Trucking, Inc. has engaged in a pattern or practice of permitting or requiring Plaintiff and members of the proposed collective to work in excess of forty hours per workweek for the benefit of Defendant Ray Jones Trucking, Inc. and without appropriate compensation, in violation of the FLSA;

    b. whether Defendant Ray Jones Trucking, Inc. has engaged in a pattern or practice of failing to keep accurate records showing all hours worked by Plaintiff and members of the proposed collective, in violation of the FLSA;

    c. whether Defendant Ray Jones Trucking, Inc. is an interstate carrier;

    d. whether Defendant Ray Jones Trucking, Inc.'s drivers are operating in interstate commerce;

    e. whether Defendant Ray Jones Trucking, Inc. is barred by equitable estoppel, judicial estoppel and/or unclean hands from asserting positions in this litigation contrary to its sworn representations to FMCSA;

    f. whether Defendants Teresa Jones, Grant Jones and Steve Jones exercised such operational control of Defendant Ray Jones Trucking, Inc. and/or were involved in causing Defendant Ray Jones Trucking, Inc.'s violations of the FLSA that they should also be found liable for the violations;

    g. whether the conduct of Defendants was willful; and

    h. whether Plaintiff and members of the proposed collective group are entitled to lost wages, liquidated damages and the other relief requested.

64. Plaintiff's claims are similar to those of the FLSA Collective in that Plaintiff has been subject to the same conduct as FLSA Collective Members and Plaintiff's claims are based on the same legal theory as FLSA Collective Members.

65. The similarly situated employees are known to Defendant Ray Jones Trucking, Inc. and are readily identifiable and may be located through Defendant Ray Jones Trucking, Inc.'s business records and the records of any payroll companies Defendant Ray Jones Trucking, Inc. uses.

66. Plaintiff's FLSA claims are maintainable as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67. The similarly situated employees may be readily notified of the instant litigation

through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS PURSUANT TO FED. R. CIV. P. 23 FOR DEFENDANTS' VIOLATIONS OF THE KWHA

68. Plaintiff brings this action under the KWHA on behalf of himself and all similarly-situated current and former employees of Defendant Ray Jones Trucking, Inc. who worked for Defendant Ray Jones Trucking, Inc. and were not fully-paid for their overtime work which Defendant Ray Jones Trucking, Inc. should have paid within the last five years, as defined in paragraph 57.

69. Plaintiff is a member of the class he seeks to represent.

70. Defendant Ray Jones Trucking, Inc. failed to pay Plaintiff and the members of the class he seeks to represent wages for work performed, as described herein, in violation of the KWHA.

71. Under the KWHA, employers are required to pay overtime compensation to non-exempt employees for overtime work performed by such employees.

72. As Plaintiff and the similarly-situated employees were non-exempt, Defendant Ray Jones Trucking, Inc.'s refusal to pay Plaintiff and Class Members overtime compensation for overtime hours worked violated the KWHA.

73. The Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

74. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 Class share common questions, including those set forth in Paragraph 63 above.

75. Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3) typicality. Defendant Ray Jones Trucking, Inc.'s failure to pay Plaintiff overtime compensation was not the result of any circumstances specific to the Plaintiff. Rather, it arose from Defendant Ray Jones Trucking, Inc.'s common pay policies of not paying overtime pay, which Defendant Ray Jones Trucking, Inc. applied generally to their employees, despite the fact that Plaintiff and the similarly-situated employees were non-exempt and entitled to overtime pay.

76. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

77. Plaintiff has retained competent counsel experienced in representing classes of employees in lawsuits against their employers alleging failure to pay statutorily required overtime compensation, thus satisfying Fed. R. Civ. P. 23(a)(4).

78. By failing to pay Plaintiff and Class Members for all hours worked, and failing to pay employees the full amount of overtime compensation earned, Defendants have created the circumstance under which questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff should be permitted to pursue the claims alleged herein as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## COUNT I

### VIOLATION OF FLSA
### NONPAYMENT OF OVERTIME COMPENSATION

79. Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

80. Defendants are subject to the wage requirements of the FLSA because Defendant Ray Jones Trucking, Inc. is an "employer" under 29 U.S.C. § 203(d) and Defendants Teresa Jones, Grant Jones and Steve Jones are invidually liable as joint employers and controlling persons of Defendant Ray Jones Trucking, Inc..

81. During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

82. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

83. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

84. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

85. Defendant Ray Jones Trucking, Inc. knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

86. Indeed, Defendant Ray Jones Trucking, Inc. made no effort to pay overtime compensation at all to Plaintiff and the FLSA Collective, paying them on the same per-ton basis for work performed beyond forty hours per week as it paid them for work performed in the first forty hours of the workweek.

87. Defendant Ray Jones Trucking, Inc. has willfully violated the FLSA by engaging in a pattern or practice (or patterns or practices) of:

    a. failing to keep accurate records showing all the time it permitted and/or required Plaintiff and members of the proposed collective to work, from the first compensable act to the last compensable act;

    b. permitting and/or requiring Plaintiff and FLSA Collective to perform integral and indispensable activities (*i.e.*, work) in excess of forty hours in a work week, for the benefit of Defendant Ray Jones Trucking, Inc. and without compensation at the applicable federal overtime rates; and

    c. failing to pay employees overtime compensation earned.

88. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant Ray Jones Trucking, Inc., who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT II

**VIOLATION OF KY. REV. STAT. ANN. §§ 337.275, *ET SEQ*.
BY NONPAYMENT OF WAGES.**

89. All previous paragraphs are incorporated as though fully set forth herein.

90. Plaintiff bring this claim on behalf of all members of the proposed Rule 23 Class.

91. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* KY. REV. STAT. ANN. §§ 337.275, *et seq*.

92. KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek. *See also* 803 Ky. Admin. Regs. 1:060.

93. During all times material to this complaint, Defendant was a covered employer required to comply with KY. REV. STAT. ANN. § 337.010(1)(d).

94. During all times material to this complaint Plaintiff and the Rule 23 Class were covered employees entitled to the protections of the KWHA. *See* KY. REV. STAT. ANN. § 337.010(1)(e).

95. Plaintiff and Class Members are not exempt from receiving the KWHA's overtime benefits because they do not fall within any of the exemptions set forth therein. *See* KY. REV. STAT. ANN. § 337.285(2).

96. Defendant has violated the KWHA with respect to Plaintiff and the Rule 23 Class by, *inter alia*, failing to compensate them for all hours worked in excess of forty per workweek at one and one-half their "regular rate" of pay.

97. In violating the KWHA, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the KWHA.

98. Pursuant to KY. REV. STAT. ANN. § 337.385, Defendant, because it failed to pay employees the required amount of wages and overtime at the statutory rate, must reimburse the employees not only for the unpaid wages, but also for liquidated damages in an amount equal to the amount of unpaid wages.

99. Pursuant to KY. REV. STAT. ANN. § 337.385, Plaintiff and Class Members are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid wages.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that the Court:

A. Issue process and bring Defendants before the Court;

B. Authorize notice to issue to members of the proposed collective action and permitting similarly-situated persons a reasonable opportunity to join this litigation with respect to claims under the FLSA;

C. Certify a class of similarly-situated employees whose rights were violated by Defendants under Kentucky law, and grant relief available under Kentucky law, including unpaid wages, liquidated damages, and attorney's fees and other litigation expenses, to the class;

D. Empanel a jury for the trial of all issues of fact;

E. Enter a judgment awarding Plaintiff and the Classes damages in the amount of the unpaid overtime compensation, plus liquidated damages in a like amount, in amounts to be proven at trial;

F. Award Plaintiff and similarly-situated persons joining this litigation all costs of litigation, including expert fees and attorneys' fees;

G. Grant Plaintiff and similarly-situated persons joining this litigation all costs of litigation and such other further and/or general, legal and/or equitable relief to which they are entitled or which the Court otherwise deems appropriate.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
Mfoster@MarkNFoster.com
*Counsel for Plaintiff*