**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:22-CV-00005-JHM-HBB**

**SAMUEL BACK**
*on Behalf of Himself and*
*All Others Similarly Situated*                                                    **PLAINTIFF**

**v.**

**RAY JONES TRUCKING, INC., et al.**                                      **DEFENDANTS**

**MEMORANDUM OPINION**
**AND ORDER**

BACKGROUND

Plaintiff Samuel Back has filed a motion seeking relief in the alternative (DN 10).  He asks that the Court deem the Defendants—Ray Jones Trucking, Inc., Teresa Jones, Grant Jones, and Steve Jones—to have admitted several of the allegations set forth in the Complaint, because Defendants' Answer did not properly respond to the allegations.  In the alternative, he asks that the Defendants' deficient answers be stricken and that they be required to respond appropriately.  Back subsequently supplemented his motion (DN 13).  Defendants filed a response (DN 16), and Back replied (DN 18).  Because Back supplemented his motion, Defendants chose to file an additional response (DN 19).

NATURE OF THE CASE

Back has filed this as a putative class action (DN 1).  Back was employed by Ray Jones Trucking as a truck driver (Id. at ¶ 1).  He claims that he and other drivers worked overtime during many workweeks but were not paid overtime compensation (Id.).  He asserts that within the Motor Carrier's Act is an exemption to the Fair Labor Standards Acts for drivers in interstate commerce

operating interstate carrier vehicles weighing more than ten thousand pounds, but the exception does not apply because Ray Jones Trucking was not an interstate carrier and the drivers did not operate in interstate commerce (Id.) (citing 29 U.S.C. § 213(b)(1)).  To the contrary, he claims that he and the other drivers were exclusively engaged in intrastate transportation within Kentucky (Id. at ¶¶ 42-46).  The Defendants contend that even though a driver may be engaged in purely intrastate travel, the driver may nonetheless be classified as exempt from overtime pay if that transportation is part of a continuity of movement across state lines, or if the driver has a reasonable expectation of being called into such service (DN 16, pp. 1-2).

PLAINTIFF'S MOTION

Back contends that many of the Defendants' responses in their Answer to his Complaint do not comport with the requirements of FED. R. CIV. P. 8 (DN 10, p. 1).  He identifies three categories of deficiency: (1) Responses to allegations relating to the contents of documents that the document "speaks for itself"; (2) Responses to allegations regarding the manner in which Defendants paid truck drivers by stating that they paid the drivers in accordance with the law; and (3) Declining to respond to allegations because they represented legal conclusions (Id. at pp. 1-2, 4-8).  Back contends that Rule 8(b) mandates that a party respond to a complaint allegation with either an admission, a denial, or a statement that the party lacks sufficient information upon which to for a belief of the truth of the allegation (Id. at p. 2).

Turning to the issue of whether a document "speaks for itself" is a sufficient response, Back cites Aprile Horse Transp., Inc. v. Prestige Delivery Sys.[1] for the proposition that, in the context of a request for admission under FED. R. CIV. P. 36, a "document speaks for itself" response is deficient (Id.).  Back cites decisions from several other district courts arriving at the same

---

[1]   No. 5:13-CV-15-GNS-LLK, 2015 U.S. Dist. LEXIS 86379 (W.D. Ky. July 2, 2015).

conclusion for answers to a complaint under Rule 8 (Id. at pp. 2-3).  Back asserts that the Defendants improperly advanced this response in answers to Complaint paragraphs 5 and 22-39 (Id. at p. 4).

Turning to his allegations regarding the manner in which Defendants compensated the drivers, he contends that Defendants improperly responded to paragraphs 49-51 and 53-55 (Id.). In these portions of the Answer, the Defendants stated only that they paid the Plaintiff consistent with the Fair Labor Standards Act and the Kentucky Wage and Hour Act.  Back contends this does not address the specific factual allegations (Id. at pp. 6-7).

The third category of deficiency involves Defendants' responses that an allegation contains a legal conclusion and therefore requires no admission or denial (Id. at pp. 7-8).  Back does not specifically identify which paragraphs are in question, but the undersigned's review of the Answer indicates that the Defendants asserted this response in part or in whole to paragraphs 1-4, 8, 11-12, 14-17, 19-22, 27-33, 40-44, 46-48, 56-57, 66-67, 71-72, 75-78, 80-88, and 91-99 (DN 9).  Back argues that Defendants' improper characterization of an allegation as a legal conclusion permits them to avoid admitting or denying the allegation as required by Rule 8 (DN 10, pp. 7-8).

As remedy for the claimed deficiencies, he asks that the Court deem the paragraphs in question to be admitted (Id. at p. 8).  Alternatively, he asks that the Defendants be required to submit supplemental answer which comport with Rule 8 (Id.).

<u>DEFENDANTS' RESPONSE</u>

Defendants contend that "allowing a defendant to respond to an allegation contained in a complaint that references a document preserves the defendant's litigation position" (DN 16, p. 5). Defendants state further that many of the paragraphs in the Complaint which refer to a document

"contain counsel's characterizations of the import or meaning of the document which is not something Defendants can or should admit or deny" (Id. at p. 6).

Turning to responses that drivers were paid in accordance with applicable law, Defendants assert that Plaintiff's allegations to the contrary were not limited to time, scope, or any specific plaintiff (Id. at p. 8). As Plaintiff claimed that drivers were not properly paid, Defendants contend that responding that they were paid in accordance with law is an adequate statement (Id.). Regarding their responses that an allegation represented a legal conclusion and, therefore, no response was needed, the Defendants note that, where a factual allegation was included, they denied that portion of the allegation (Id. at pp. 7-8). They go on to argue that "Plaintiffs' counsel's interpretation of law is not something that Defendants need admit or deny. It is impractical to admit or deny such allegations where the parties have a dispute over the interpretation of the law" (Id.).

DISCUSSION

The initial question to be resolved is whether Defendants' answers are deficient under FED. R. CIV. P. 8(b). The purpose of the pleading rule is to expose the pertinent issues in the litigation at the earliest possible stage, so the parties can focus on the actual substance of the dispute as soon as possible. Fuhrman v. United Omaha Life Ins. Co., No. 1:19-CV-783, 2019 U.S. Dist. LEXIS 240975, *3 (W.D. Mich. Dec. 17, 2019). Rule 8(b) requires that a party respond to a pleading by stating in short and plain terms its defenses to each claim asserted against it. In so doing, the party must admit or deny the allegation. FED. R. CIV. P. 8(b)(1). If the party lacks knowledge or information sufficient to form a belief about the truth of the allegation, it must so state, and such a statement has the effect of a denial of the allegation. FED. R. CIV. P. 8(b)(5). These three options are the only ones contemplated by the Rule and serve "to apprise the opponent of those allegations

4

that stand admitted and will not be an issue at trial and those that are contested and require proof." Poole v. Dhiru Hospitality, LLC, No. SA-18-CV-636-XR, 2018 U.S. Dist. LEXIS 224748, *4 (W.D. Tex. Oct. 29, 2018); *see also* Bommarito v. Equixfax Info. Servs., LLC, No. 2:21-CV-12423, 2022 U.S. Dist. LEXIS 9095, *8 (E.D. Mich. Jan. 18, 2022) ("The goal of the answer is to make clear what is and what is not in dispute and what the plaintiff will be required to prove.).

      1.   *"Document Speaks for Itself"*

      In paragraphs 22 through 39 of the Complaint (DN 1), Back discusses the Federal Motor Carrier Safety Administration (FMCSA) and specifically Form MCS-150, which he describes as FMCSA's form of application for a U.S. Department of Transportation number and how that form relates to interstate or intrastate motor vehicle operations and the applicability of federal regulations.  The paragraphs also set forth allegations of the Defendants' completion of the form (Id.).  In each of their answers to the allegations, Defendants neither admitted nor denied the allegation, nor did they express a lack of knowledge sufficient to form a belief as to the truth of the allegation (DN 9, pp. 3-5).  Rather, their responses were that the allegations "refer to a document, which speaks for itself" or a variation of this theme (Id.).  This response is not in accordance with Rule 8(b), as it neither admits nor denies the allegation and leaves unanswered whether the Defendants agree or disagree with Back's assertion of the operation and import of the document.[2]  *See* Fuhrman, 2019 U.S. Dist. LEXIS 240975 at * 3-4; Joseph v. Ford Motor Co., No. 06-10274, 2009 U.S. Dist. LEXIS 138190, *6 (E.D. Mich. Sept. 30, 2009); Bruce v. Anthem Ins. Cos., No. 3:15-CV-0353-D, 2015 U.S. Dist. LEXIS 53278, *4 (N.D. Tex. Apr. 23, 2015); Lane v. Page, 272 F.R.D. 581, 602-03 (D.N.M. 2011).  As one jurist noted with some levity, "This Court

---

2  Opinions from this judicial district have similarly concluded that a response to an interrogatory or request for admission that a document "speaks for itself" is not adequate.  *See* Shadburne v. Bullit Cty., No. 3:17-CV-00130-DJH, 2017 U.S. Dist. LEXIS 205450, *23 (W.D. Ky. Dec. 14, 2017); April Horse Transp., Inc. v. Prestige Delivery Sys., No. 5:13-CV-15-GNS-LLK, 2015 U.S. Dist. LEXIS 86379, *13-14 (W.D. Ky. July 2, 2015).

has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice) – but until such writing does break its silence, it will continue to require pleaders to employ one of the only three alternative that *are* permitted by Rule 8(b) in response to all allegations, including those regarding the contents of documents." Foster v. Starwood Hotels & Resorts Worldwide, Inc., No. 99 C 7761, 2000 U.S. Dist. LEXIS 2030, *2 (N.D. Ill. Feb. 17, 2000).

Back also complains about Defendants' response to paragraph 5 (DN 10, p. 4); however, Defendants additionally denied the factual allegations (DN 9, ¶ 5), and the response, therefore, comports with Rule 8(b).

2. *"Consistent with Fair Labor Standards Act and the Kentucky Wage and Hour Act."*

In paragraphs 49-51 of the Complaint (DN 1), Back discusses how Defendants compensated him and other drivers based on coal delivery tonnage and a percentage of Ray Jones Trucking's receipts for the hauling. Back alleges that, even though he and other drivers worked more than forty hours in a workweek, the amounts paid did not take into account overtime wages (Id.). In response to the allegations, the Defendants neither admitted nor denied the allegations, nor did they express a lack of knowledge sufficient to form a belief as to the truth of the allegation (DN 9, p. 6). Instead, they responded that "they paid Plaintiffs consistent with the Fair Labor Standards Act and the Kentucky Wage and Hour Act" (Id.). Rule 8(b)(2) states that a denial must "fairly respond to the substance of the allegation." It is evident that, in responding in this manner, the Defendants intended to generally deny that Back and the other drivers were not compensated in accordance with law. Rule 8(b)(3) allows a party to make a general denial, but if an allegation is not denied *en toto*, then the party must specifically deny designated allegations or generally deny all except those specifically admitted. Under Rule 8(b)(4) a party may deny part of an allegation, but must admit the part that is true. Defendants' "in accordance with law" response does not satisfy

6

the Rule because it leaves unclear whether they admit or deny any of the factual components of the allegations.

Back complains that the responses to paragraphs 53-55 are likewise deficient (DN 10, p. 6); however, in those responses, the Defendants additionally stated that they were without sufficient knowledge or information upon which to form a belief as to the truth of the factual allegations (DN 9, p. 7), and those responses, therefore, comport with Rule 8(b).

3. *"Conclusions of Law"*

In response to 58 of the Complaint paragraph allegations, Defendants responded that the paragraph "contains legal conclusions" and therefore "no admission or denial is required on the part of the Defendants" (DN 9). However, "[s]uch an assertion is insufficient under Rule 8(b) because it does not constitute a defense to the allegations in the complaint to which it is directed. . . . Rule (8)(b) therefore requires that a litigant respond to every averment in a complaint including what the litigant may regard as legal conclusions." Matek v. Evanston Hosp. Corp., No. 96 C 147, 1997 U.S. Dist. LEXIS 1888, *2-3 (N.D. Ill. Feb. 24, 1997). "[L]egal conclusions are an 'integral part of the federal notice pleading regime. Therefore, legal conclusions must be addressed in one of the three ways contemplated by Rule 8.'" Lane v. Page, 272 F.R.D. 581, 603 (D.N.M. 2011) (quoting Thompson v. Ret. Plan for Emples. of S.C. Johnson & Sons, Inc, Nos. 07-CV-1047 & 08-CV-0245, 2008 U.S. Dist. LEXIS 105477, *1 (E.D. Wis. Dec. 22, 2008)); *see also* Bruce v. Anthem Ins. Cos., No. 3:15-CV-0353-D, 2015 U.S. Dist. LEXIS 53278, *5-6 (N.D. Tex. Apr. 23, 2015); Joseph v. Ford Motor Co., No. 06-10274, 2009 U.S. Dist. LEXIS 138190, *6-7 (E.D. Mich. Sept. 30, 2009). Consequently, Defendants' assertion that they need not respond to allegations they characterize as representing legal conclusions is an insufficient response under Rule 8(b).

Having determined that many of the Defendants' responses in their Answer do not comport with Rule 8(b), attention turns next to the appropriate remedy.  Back advocates as one alternative relief that the insufficient responses be stricken and the allegations deemed admitted (DN 10, p. 8).  Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, the Sixth Circuit has indicated:

> [T]he action of striking a pleading should be sparingly used by the courts because it is a drastic remedy to be resorted to only when required for the purposes of justice and only when the pleading to be stricken has no possible relation to the controversy.

Vanden Bosch v. Bayer Healthcare Pharms., Inc., 13 F. Supp. 3d 730, 752 (W.D. Ky. 2014) (quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)) (internal quotations omitted).  Such precedent has led to the general discouragement of these motions.  See e.g., Anderson v. United States, 39 F. App'x 132, 135 (6th Cir. 2002); Thompson v. Hartford Life & Acc. Ins. Co., 270 F.R.D. 277, 279 (W.D. Ky. 2010); Smith v. Rees, No. 5:07-CV-P180-R, 2009 U.S. Dist. LEXIS 22215, *1 (W.D. Ky. Mar. 18, 2009).  Chief District Judge Stivers has specifically ruled that noncompliance with Rule 8 does not provide a proper basis to strike a pleading.  CWI, Inc. v. SmartDog Servs., LLC, No. 1:15-CV-00139-GNS, 2016 U.S. Dist. LEXIS 60786, *8-9 (W.D. Ky. May 9, 2016).  In such instances, "[t]he corollary to Rule 8 is the liberal amendment policies embodied in Rule 15.  Pertinent here, Rule 15 allows a party to amend with opposing party's written consent or the court's leave, which court 'should freely give leave when justice so requires.'"  Forsythe v. First Fin. Inv. Fund Holdings, LLC, No. 2:19-CV-79-TAV-HBG, 2019 U.S. Dist. LEXIS 142537, *5 (E.D. Tenn. Aug. 22, 2019) (citations omitted); see also Alcorn v. Parker Hannifin Corp., No. 1:13-CV-119, 2013 U.S. Dist. LEXIS 194261, *4 (S.D. Ohio June 27, 2013).

CONCLUSION

**WHEREFORE**, Plaintiff's motion (DN 10) is **GRANTED IN PART** and **DENIED IN PART**.  Defendants are **DIRECTED** to file an amended answer remedying the deficiencies identified in this Order **within 10 days**.

H. Brent Brennenstuhl
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

March 31, 2022

Copies:        Counsel of Record