UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| SAMUEL BACK, *et al.*, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 4:22-CV-5-JHM-HBB |
| | ) |
| RAY JONES TRUCKING, INC., *et al.*, | ) |
| | ) |
| Defendants | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
MOTION FOR CONDITIONAL CERTIFICATION
AND MOTION FOR EXPEDITED DISCOVERY**

Come the Defendants, by counsel, and hereby submit the following as its Response in Opposition to Motion for Conditional Certification and Motion for Expedited Discovery.

**SUMMARY OF THE LEGAL CLAIMS**

Plaintiff seeks a determination from this Court that Defendant Ray Jones Trucking misclassified them as exempt employees under the Motor Carrier Act because they engaged in intrastate-only commerce. Under the Motor Carrier Act, certain drivers are exempt from overtime compensation if they work for a private motor carrier, transport goods in interstate commerce, and their work activities "affect the safety of operation of motor vehicles" in interstate commerce. *See Secretary of Labor v. Timberline South, LLC*, 925 F.3d 838 (6th Cir. 2019). The definition of interstate commerce includes intrastate-only travel under three separate circumstances: (1) if the driver transports goods across state lines; (2) if the driver transports goods within a state, but such transportation is part of a "practical continuity of movement" across state lines; or (3) if the driver has a reasonable expectation that he could be called upon to participate in interstate travel. *Id.*

Here, Plaintiffs engaged in interstate commerce as part of a "practical continuity of movement" as the evidence will show that the coal hauled by Plaintiffs was immediately transported out of state after being delivered by Plaintiffs. However, to determine whether any Plaintiff was misclassified, this Court will have to make a case-by-case factual determination of each Plaintiff's duties because the law requires an analysis of the work each Plaintiff performed. *See* 29 CFR §782.2(b)(2).

## ARGUMENT

I.  **STANDARD FOR CONDITIONAL CERTIFICATION.**

Section 216(b) of the FLSA authorizes workers to sue collectively on behalf of themselves and others "similarly situated" for violations of the overtime provisions of the FLSA. A District Court has discretion to conditionally certify a collective action and authorize notification to persons who may opt in to the collective. *See Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989). Plaintiffs, however, must meet a threshold for conditional certification. They must demonstrate that the potential class members are, in fact, "similarly situated" to justify conditional certification. In addition, plaintiffs must demonstrate similarity beyond a mere allegation that the FLSA has been violated. Instead, they must identify a "factual nexus that binds the plaintiffs together as victims of a particular violation of overtime laws…." *See Russell v. Illinois bell Tel. Co., Inc.*, 721 F.Supp.2d 804, 812 (N.D.Ill. 2010).

The Sixth Circuit has not defined "similarly situated," however, courts employ a variety of factors in making such determination, including the employment setting of the plaintiffs, the defenses of the employer which may apply to individual plaintiffs differently, and the degree of fairness and procedural impact of certifying the class as a collective. *See Pacheco v. Boar's Head Provisions Co.*, 671 F.Supp.2d 957 (W.D. Mich. 2009). A collective action is not warranted when a detailed factual inquiry is required. *See Alvarez v. City of Chicago*, 605 F.3d 334 (7th Cir. 2010).

Although the burden for conditional certification is fairly lenient, it is not "non-existent." *Sanchez v. JPM Ventures, LLC*, 2014 WL 465542 (S.D.N.Y Jan. 27, 2014). Courts have noted that it would be a waste of time and resources to notify a large class only to later determine that a class is not appropriate because the plaintiffs are not similarly situated. *See Pacheco v. Boar's head Provisions Co.*, 671 F.Supp.2d 957 (W.D. Mich. 2009). Further, a plaintiff moving for conditional certification cannot rely upon bare-bones allegations or speculation that he and others were misclassified. *See Pacheco,* 671 F.Supp.2d 957. A court considering conditional certification should also determine whether other plaintiffs have been identified and whether there affidavits have been secured. *See Sutka v. Yazaki North America Inc.*, 2018 WL 1255767 (E.D.Mich. Mar. 12, 2018). "Accordingly, courts in this District have not hesitated to deny conditional class certification in FLSA actions when they have found that the evidence proffered by the individual plaintiff or plaintiffs was too conclusory, speculative, or scant to support a finding that the members of the proposed class were similarly situated." *Id.* at * 8. The Court in *Sutka* noted that conditional certification should be denied where the plaintiff only offered his own affidavit in support of the Motion, and did not have personal knowledge of whether any of the other employees were "similarly situated." *Id.* at *9 (collecting cases holding that offering only the plaintiff's declaration is insufficient to grant conditional certification).

Plaintiff here urges this Court to adopt the two-step approach for consideration of certification as it did in *McClurg v. Dallas Jones Enterprises*, Case No. 4:20-CV-201 (W.D.Ky.). Defendants here object to that approach. First, Plaintiff has not offered sufficient evidence that the other employees are similarly situated. As stated herein, any employee who drove intrastate but transported goods that left Commonwealth within a short period of time after delivery is not a proper class member. This scenario is a complete defense to the claims as that employee would

3

have been properly classified as exempt. Plaintiff has made no showing that there are drivers who fit into this category beyond his speculative assertions. Second, this two-step approach creates a risk of "rubber stamping" the process, and forgoing an analysis of whether there is a proper class to conditionally certify. *See Swales v. KLLM Transport Service, LLC*, 985 F.3d 430 (5th Cir. 2021). Finally, this approach will cause unnecessary delay and expense in resolving the claims as it may result in a "class" of individuals who do not meet the criteria. *Adams v. Citicorp Credit Services, Inc.*, 93 F.Supp.3d 441 (M.D.N.C. 2015).

The only drivers who are suitable for the class are those whose travel did not involve one of the three methods to establish interstate travel. If a driver transported goods within the Commonwealth of Kentucky, but those goods immediately (or within a short time thereafter) left the state, that driver is engaged in interstate commerce and was properly classified as exempt. A driver who meets this definition is, therefore, ***not*** similarly situated with a driver who drove goods that never left the Commonwealth. Conditional certification at this stage ignores this reality altogether, and would join all drivers regardless of whether they were properly classified under the FLSA and/or the Motor Carrier Act. To avoid both a rubber-stamping of the process and unnecessary expense, this Court should allow narrow, expedited discovery to allow the parties to determine with greater clarity whether plaintiffs are "similarly situated." This is also warranted, here, where the only declaration in the record is that of Plaintiff Samuel Back. Mr. Back does not demonstrate any personal knowledge of the routes or destinations of the loads hauled by the purported class members. His declaration provided no basis for this Court to conclude that the purported class members' experiences were similar to his. A single affidavit is simply insufficient to grant conditional certification. This Court should take steps to determine who transported goods in interstate commerce so that a proper class, if any, can be identified. Shortened, expedited

discovery will provide clarity, and potentially limit or streamline the purported class to those individuals, if any, who did not transport goods in interstate commerce. Furthermore, only four individuals have thus far filed a notice of consent, hardly justifying the creation of a "numerous" class. (*See* DN 8, 12, 15, 28). This Court should not conditionally certify a class where questions remain as to whether a class even exists.

    As set forth herein, Defendants request this Court deny Plaintiff's Motion for Conditional Certification and grant its Motion for Expedited Discovery. Defendants request a short period of 90 days for the parties to tender discovery on the limited issue of whether the purported class members transported goods in interstate commerce, and therefore, would have been properly classified as exempt.

Respectfully submitted,

Hon. Cynthia L. Effinger (KBA #87298)
McBRAYER PLLC
500 West Jefferson Street, Suite 2400
Louisville, Kentucky 40202
(502) 327-5400
ceffinger@mcbrayerfirm.com

and

Hon. Jason R. Hollon (KBA #96148)
McBRAYER PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
(859) 231-8780
jhollon@mcbrayerfirm.com

BY:   */s/ Cynthia L. Effinger*
       CYNTHIA L. EFFINGER
       **Counsel for Defendants**

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was filed with the Clerk of Court utilizing its CM/ECF system, which will provide electronic service to all counsel of record, on this the 2nd day of May, 2022.

*/s/ Cynthia L. Effinger*
CYNTHIA L. EFFINGER
***Counsel for Defendants***

4872-4091-4206, v. 1