IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| SAMUEL BACK,<br>on Behalf of Himself and All<br>Others Similarly-Situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>RAY JONES TRUCKING, INC.,<br>TERESA JONES, GRANT JONES and<br>STEVEN JONES,<br><br>    *Defendants.* | **PROPOSED COLLECTIVE ACTION<br>UNDER FLSA AND CLASS ACTION<br>UNDER KWHA**<br><br>CASE NO.  4:22-cv-5-JHM<br><br><br><br>**JURY DEMANDED** |

**SUPPLEMENT IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION**

In Plaintiff's Motion to Facilitate Notice Pursuant to 29 U.S.C. § 216(b) (Motion for Conditional Certification) (Ct. Doc. 23 and the "Motion"), at that time, Plaintiff supported this assertion that "Defendant has represented to the United States Department of Transportation that it and every one of its truck driver employees are **not** operating in interstate commerce" Ct. Doc. 23 at 5 with references to the pleadings, as Plaintiff did not at that time have Defendants' MCS-150 forms.[1]

---

[1] Specifically, Plaintiff provided the following citation in the initial Motion (at 5, Footnote 10): "See Ct. Doc. 1-4 (Defendant's FMCSA Company Snapshot reflecting Defendant had an 'Intrastate Only (Non-HM)" operation); Complaint at ¶¶ 20-33 (detailed allegations regarding content of MCS-150 forms). Notably, Defendant initially improperly responded to these allegations by stating that documents Plaintiff and the Court 'speak for themselves,' requiring the Court to adjudicate that this was an improper answer. Ct. Doc. 21 at 5-6. Defendant has now responded by admitting it 'has completed Forms MCS-150 and submitted said forms to the FMCSA', that it "checked the box 'Intrastate Non-Hazmat Carrier'' and that it 'did not check the box labeled 'Interstate Carrier'' in completing its MCS-150 forms. Ct. Doc. 22 at ¶¶ 25, 30-31. Defendant also in response to Paragraph 32 'admits … that it did not identify any drivers as 'Intrastate' under the MCS-150," Ct. Doc. 22 at ¶ 32, but this appears to include a typographical error (use of "intrastate" instead of 'interstate'), as Complaint ¶ 32 alleged Defendant 'included a number of drivers only under the 'Intrastate' column of …MCS-150… and included no number of drivers (or a zero) under the 'Interstate'

Plaintiff files this Supplement to provide the MCS-150 forms which Plaintiff has now received directly from the Federal Motor Carrier Safety Administration. Specifically, attached hereto as Exhibit 1 are Defendants' MCS-150 filings.[2] In every MCS-150 form, Defendant described itself as an "intrastate non hazmat carrier" and declined to describe itself as an "interstate carrier" despite being instructed to "mark all that apply." *Id* at § 22. In addition, in every MCS-150 form, Defendant described all of its drivers as being "intrastate" and indicated that it had "0" "interstate" drivers. *Id* at § 27.

Interestingly, Defendant filed its most recent MCS-150 form on April 26, 2022, while this action (and even the Motion) was pending. Exhibit 2 at 2. In that filing, Defendant yet again certified under "penalties of perjury… that the information entered on this report is, to the best of [the] knowledge and belief [of its vice president, Defendant Grant Jones], true, correct, and complete." *Id*. Although Defendant has asserted in this action that it denies "it was not engaged in 'interstate commerce' as defined by the Motor Carriers Act," see April 11, 2022 Amended Answer, Ct. Doc. 22, at 3, ¶ 27, Defendant shortly turned around and swore under penalty of perjury to the Federal Motor Carriers Safety Administration that it was not an "interstate carrier" and that "0" of its drivers were "interstate" drivers.

While the most recent filing may have other implications, all of the MCS-150 forms support what Plaintiff asserted in Plaintiff's Motion: Defendant had a common policy of classifying all of its truck driver employees as not eligible for overtime despite the fact that

---

column.' In other words, since Defendant was making an admission, Defendant apparently intended to 'admit' that it did not identify any drivers 'as *interstate* under the MCS-150.'"

[2]   The letter from the federal government conveying the MCS-150 forms is attached hereto as Exhibit 2.

Defendant made contrary-to-the-exemption representations to the federal government. Accordingly, the MCS-150 forms further support the relief sought in the Motion.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
MFoster@MarkNFoster.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated on the Court's CM/ECF notice of filing, this document was filed through the Court CM/ECF filing system.

/s/ Mark N. Foster
Mark N. Foster
