UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:22-CV-00005-JHM

SAMUEL BACK                          PLAINTIFF

v.

RAY JONES TRUCKING, INC., *et al.*            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Samuel Back's Motion for Conditional Certification [DN 23]. Also before the Court is the Defendants' Motion for Expedited Discovery [DN 29]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion for Conditional Certification is **GRANTED**, and the Motion for Expedited Discovery is **DENIED**.

**I. BACKGROUND**

Defendant Ray Jones Trucking, Inc. ("Ray Jones") employed the Plaintiff, Samuel Back ("Back"), as a truck driver. [DN 1 ¶ 1]. The Federal Motor Carrier Safety Administration's ("FMCSA") records list Ray Jones's carrier operations as "Intrastate Only." [DN 1-5 at 1]; *see also* [DN 22 at ¶¶ 30–31]. This classification comes from Ray Jones's own submission of Form MCS-150. *See* [DN 34-1]; *see also* [DN 1-5]. The form defines an "Intrastate Carrier" as a company whose business operations "never crosses state lines"; "never moves from the United States to a foreign country" and "never passes through another State or foreign country during transport." [DN 1-3 at 4]. Conversely, MCS-150 defines an "Interstate Carrier" as a company who "transports property or passengers in support of interstate commerce, i.e., the property or passengers cross State lines before the company received them, while the company is transporting them, or after the company has transferred the property or passengers." [*Id.* at 3].

1

Ray Jones's drivers haul coal and other materials. [DN 23-3 at ¶ 9]. For compensation, the company pays drivers a percentage of the company's earnings from each delivery. [DN 1 ¶¶ 49, 51]. These deliveries allegedly require drivers to work over forty hours some weeks. [*Id.* ¶¶ 52, 53]. When a driver exceeds forty hours worked in a given week, Ray Jones pays them the normal rate for their delivery. [*Id.* ¶ 54].

Back's Complaint alleges Ray Jones improperly denied overtime compensation to these drivers. [DN 1 ¶ 1]. He brings two counts: (1) a claim under the Fair Labor Standards Act ("FLSA") for nonpayment of overtime compensation, and (2) a class action claim under Federal Rule of Civil Procedure 23 and Kentucky state law for nonpayment of wages. [*Id.* ¶¶ 79–99]. Alongside Ray Jones, Back named Teresa Jones, Grant Jones, and Steve Jones—the company's directors, part-owners, and managing agents—as Defendants ("the Defendants"). [*Id.* ¶ 7]

Back now moves for conditional certification to facilitate notice under 29 U.S.C. § 216(b). [DN 23]. He seeks to send notice to:

> All persons who were employed by Ray Jones Trucking, Inc. as a truck driver and were not paid overtime compensation for work performed in excess of forty hours in one or more work weeks within the three years preceding this notice.

[*Id.* at 1]. In response, the Defendants filed a Motion for Expedited Discovery, requesting a ninety-day period for the parties to undergo discovery on the "limited issue of whether the purported class members transported goods in interstate commerce, and therefore, would have been properly classified as exempt." *See* [DN 29 at 5].

## II. STANDARD OF REVIEW

The FLSA permits an employee to bring a collective action on behalf of "similarly situated" employees. 29 U.S.C. § 216(b). Unlike a Rule 23 class action, however, an FLSA collective action does not provide "opt-out" procedures. *See Rogers v. Webstaurant, Inc.*, No.

2

4:18-CV-74-JHM, 2018 WL 4620977, at *1 (W.D. Ky. Sept. 26, 2018) ("A collective action under the FLSA permits similarly situated employees to 'opt-in' to the action, unlike the opt-out approach typically utilized under [Rule] 23."). Instead, any employee that wishes to join the FLSA collective action must opt into the litigation by filing written consent with the court. 29 U.S.C. § 216(b).

The FLSA provides limited guidance about the inclusion of opt-in plaintiffs. The statute requires only that opt-in plaintiffs are "similarly situated" to the lead plaintiff. *Id.* In lieu of statutory guidance, the Supreme Court acknowledged that district courts possess broad discretion to manage the joinder of opt-in plaintiffs. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) ("We hold that district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs."). A district court may use that discretion to "authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

Before a court may authorize notice to prospective opt-in plaintiffs, it must "consider whether plaintiffs have shown that the employees to be notified are, in fact, similarly situated." *Comer*, 454 F.3d at 546 (quotation omitted). The "similarly situated" inquiry requires the court to analyze several factors, many of which require discovery. *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) (outlining the "similarly situated" factors), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). Thus, there is understandable tension between a plaintiff's desire to notify other potential plaintiffs early in litigation and the fact-intensive nature of the "similarly situated" inquiry.

District courts developed a two-step certification process to alleviate this tension. The first step, which occurs at the start of discovery, requires a plaintiff to make a "modest factual

showing" that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (quoting *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). This step is known as "conditional certification." *White v. Baptist Mem'l Health Care*, 699 F.3d 869, 877 (6th Cir. 2012). It is a "fairly lenient standard, and typically results in conditional certification of a representative class." *Comer*, 454 F.3d at 547 (quotation omitted). The only practical significance of conditional certification is that the plaintiff can notify prospective opt-in plaintiffs. *See Hall v. Gannett Co.*, No. 3:19-CV-296, 2021 WL 231310, at *2 (W.D. Ky. Jan. 22, 2021) ("The point [of conditional certification] is to inform potential members of the collective action at the outset...."). The second step is final certification; it occurs "after all class plaintiffs have decided whether to opt-in and discovery has concluded." *White*, 699 F.3d at 877. At this step, courts "examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547.

Neither statute nor court rule requires a district court to use a two-step certification process. Nor is it required by Sixth Circuit precedent—the Sixth Circuit has recognized, but never required, district courts' use of the two-step procedure. *See White*, 699 F.3d at 877 ("District courts determine whether plaintiffs are similarly situated in a two-step process . . ."); *Comer*, 454 F.3d at 546–47 (recognizing that the district court applied the two-step process, but never stating it was required). Yet two-step certification remains common, both within this district and around the nation. *See, e.g., York v. Velox Express, Inc.*, 524 F. Supp. 3d 679, 685 (W.D. Ky. Mar. 10, 2021); *Hall*, 2021 WL 231310, at *2–4; *Marcum v. Lakes Venture, LLC*, No. 3:19-CV-231, 2020 WL 6887930, at *2–3 (W.D. Ky. Nov. 24, 2020); *Jones v. H&J Rest., LLC*, No. 5:19-CV-105, 2020 WL 759901, at *2–3 (W.D. Ky. Feb. 14, 2020); *Johnston v. J&B Mech., LLC*, No. 4:17-CV-51-JHM, 2017 WL 3841654, at *2–3 (W.D. Ky. Sept. 1, 2017).

## III. DISCUSSION

### A. Expedited Discovery

While two-step certification is the most common method for notifying the collective in FLSA actions, the Defendants prefer a single-step approach. Instead, the Defendants ask the Court for a ninety-day period to conduct limited discovery on the issue of whether the collective would be "similarly situated" to Back. [DN 29 at 5].

The Supreme Court has "'confirm[ed] the existence of the of the trial court's discretion' to facilitate notice of a pending collective action to potential plaintiffs." *See McClurg v. Dallas Jones Enterprises Inc*, No. 4:20-CV-00201, 2021 WL 5763563 at *3 (W.D. Ky. Dec. 3, 2021) (quoting *Hoffman-La Roche*, 493 U.S. at 170). Although "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity," those benefits "depend on employees receiving accurate and timely notice concerning the pendency of the collective action." *Hoffman-La Roche*, 493 U.S. at 170. A court-authorized notice helps expedite actions, avoid multiple lawsuits, and prevent plaintiff's counsel from misleading collective members. *Id.* at 171–72. When issuing such notices, district courts must "avoid even the appearance of judicial endorsement of the merits of the action." *Id.* at 174.

Bearing these principles in mind, the Defendants advocate a single-step determination before the Court facilitates notice to the collective, citing *Swale v. KLLM Transport Service, LLC*, 985 F.3d 430 (5th Cir. 2021). According to the Fifth Circuit, "a district court should identify, at the outset of the case, what facts and legal considerations will be material to determine whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." *Id.* at 441. But this Court has previously rejected *Swale*'s

5

method in favor of the traditional two-step approach, finding the latter better implements *Hoffman-La Roche*'s guidance. *See McClurg*, 2021 WL 5763563, at *3; *see also Branson v. Alliance Coal, LLC*, No. 4:19-CV-00155, 2021 WL 1550571, at *3 (W.D. Ky. Apr. 20, 2021). Moreover, courts within the Sixth Circuit regularly implement the two-tiered approach. *See McClurg*, 2021 WL 5763563, at *3 (collecting district court cases).

Again, this Court favors the traditional two-step certification approach. In its recent opinion in *McClurg v. Dallas Jones Enterprises Inc.*, the Court considered that the employer—not the potential plaintiffs—possessed the relevant government forms, haul records, and employee timekeeping records. 2021 WL 5763563, at *3. Furthermore, the Court contrasted the "significant discovery before the conditional certification motion" that had occurred in *Swales* with the fact that a scheduling order had not yet been entered. *Id.* Those factors apply equally here. The Court **DENIES** the Defendants' Motion for Expedited Discovery.

### B. Conditional Certification

Back seeks conditional certification so he may send notice to "[a]ll persons who were employed by Ray Jones Trucking, Inc. as a truck driver and were not paid overtime compensation for work performed in excess of forty hours in one or more work weeks within the three years preceding this notice." [DN 23 at 1]. To succeed, he must prove his "position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47. Plaintiffs are similarly situated if they "suffer from a single, FLSA-violating policy, and when proof of that policy . . . proves a violation as to all the plaintiffs," or when their claims are "unified by common theories of defendants' statutory violations." *O'Brien*, 575 F.3d at 585. At the conditional certification stage, however, "a court 'does not generally consider the merits of

6

the claims, resolve factual disputes, or evaluate credibility.'" *York*, 524 F. Supp. 3d at 685 (quoting *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016)).

The primary dispute in this case is whether the FLSA's Motor Carrier's Act ("MCA") exemption applies to Back and other Ray Jones truck drivers. That exemption states the FLSA shall not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49[.]" 29 U.S.C. § 213(b)(1). The Sixth Circuit has explained "[t]he MCA . . . gives the Secretary of Transportation 'the authority to regulate the hours of an employee (1) who works for a private motor carrier that provides transportation in interstate commerce and (2) whose work activities affect the safety of operation of that motor carrier.'" *Vaughn v. Watkins Motor Lines, Inc.*, 291 F.3d 900, 904 (6th Cir. 2002) (quoting *Troutt v. Stavola Bros, Inc.*, 107 F.3d 1104, 1106–07 (4th Cir. 1997)); *Secretary of Lab. v. Timberline S., LLC*, 925 F.3d 838, 849–50 (6th Cir. 2019); 29 C.F.R. § 782.2(a); 49 U.S.C. §§ 31502(b)(2), (15). Under these provisions, if the Secretary of Transportation possesses regulatory power over an employee, the Secretary of Labor lacks jurisdiction and FLSA (and its overtime provisions) does not apply. *See Barlow v. Logos Logistics, Inc.* 34 F. Supp. 3d 686, 690 (E.D. Mich. 2014).

Back alleges Ray Jones maintained the same policy as the employer in *McClurg v. Dallas Enterprises Inc*: denying overtime pay to truck drivers who worked over 40 hours per week on the grounds they fall under the MCA exemption to the FLSA. [DN 23 at 2]; *see also McClurg*, 2021 WL 5763563 at *5. To support this contention, Back supplies identical evidence as to the plaintiff in *McClurg*. Back declares that he and other Ray Jones drivers "transported only Kentucky-originating materials in Kentucky that were destined for an ultimate destination in Kentucky" and their pay did not change if they worked over forty hours in a given week. [DN

7

23-3 ¶¶ 6, 8, 11, 13–16]; *see also McClurg*, 2021 WL 5763563 at *5. Next, Ray Jones's own MCS-150 filing with FMCSA represented under penalty of perjury that the company engaged exclusively in *intrastate* commerce—not interstate commerce. *See* [DN 34-1]; [DN 1-5].

Given that this case involves an identical employment policy and similar evidence, as in *McClurg*, the Court finds Back has made a "modest factual showing" that the other members of the potential collective are similarly situated in that: (1) Ray Jones employed them on an "intrastate" basis; (2) some drivers—like Back—worked in excess of forty hours a week; (3) Ray Jones compensated them based on loads delivered; and (4) it not pay them overtime wages. *Comer*, 454 F.3d at 546–47. To defeat conditional certification, the Defendants retort that any employee "who drove intrastate but transported goods that left [the] Commonwealth within a short period of time after delivery is not a proper class member." [DN 29 at 3]. Even if true, the Defendants' own representations suggest no such employees exist; on its MCS-150, Ray Jones did not classify itself as an "Interstate" carrier, defined as a company that transports property that "crosses State lines either before the company received them . . . or *after the company has transferred the*[*m*]." [DN 1-3 at 3] (emphasis added). Thus, all evidence indicates Ray Jones operates exclusively intrastate and, therefore, would not fall under the FLSA's MCA exception.

Lastly, the Defendants oppose conditional certification on the grounds that Back has not identified a "numerous" class. [DN 29 at 5]. This argument is misplaced. "In an FLSA § 216(b) collective action, 'the requirements of Rule 23 do not apply and no showing of numerosity, commonality, typicality, and adequacy of representation need to be made.'" *Campbell v. Middle Kentucky Cmty. Action P'ship, Inc.*, 540 F. Supp. 3d 717, 721 n.6 (E.D. Ky. 2021) (quoting *Vengurlekar v. Silverline Tech., Ltd.*, 220 F.R.D. 222, 229 (S.D.N.Y. 2003)). "[I]n the Sixth Circuit there is no controlling precedent requiring plaintiffs to show sufficient interest among

members of the putative class in joining the litigation." *Loomis v. Unum Grp. Corp.*, No. 1:20-CV-251, 2021 WL 1928545, at *7 (E.D. Tenn. May 13, 2021). The fact that only a few employees had filed a notice of consent does not dictate whether other employees should receive notice of the action.[1]

"[A]t this stage, the Court's only consideration is whether all potential opt-in plaintiffs were subject to the same policy." *McClurg*, 2021 WL 5763563, at *5. Back successfully alleges they were. Back's allegations indicate Ray Jones "engaged in a single, FLSA-violating policy—a company-wide policy of classifying its truck drivers as exempt under the Motor Carrier's Act despite the fact that [Ray] Jones strictly operates in intrastate commerce." *Id.* As such, the Court **GRANTS** Back's Motion for Conditional Certification [DN 23].

### C. Content of the Notice

"After determining that conditional certification is warranted, the Court must address the substance of the notice to be sent to similarly situated employees." *Marcum*, 2020 WL 6887930, at *4. The Court serves an oversight role to ensure notice is "timely, accurate, and informative," but must "take care to avoid even the appearance of judicial endorsement of the merits." *Hoffman-La Roche*, 493 U.S. at 172, 174. "The purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit." *Wlotkowski v. Mich. Bell Tel. Co.*, 267 F.R.D. 213, 220 (E.D. Mich. 2010).

Back tendered a proposed notice and consent form to the Court. [DN 23-1]; [DN 23-2]. Except for case-specific details, these documents mirror the ones this Court approved in *McClurg*. *McClurg*, 2021 WL 5763563, at *12–14. Since the Defendants do not object to the forms' proposed language, the Court approves Back's notice in full.

---

[1] At the time the Defendants filed their Response, four prospective plaintiffs had filed their notice of consent. *See* [DN 29 at 5]. Since then, that number has doubled. *See* [DN 28]; [DN 31]; [DN 32]; [DN 33].

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. Back's Motion for Conditional Certification [DN 23] is **GRANTED**, and the Defendants' Motion for Expedited Discovery is **DENIED.**

2. The Court directs the Defendants to deliver to Back by email, within ten (10) days of this Order, a spreadsheet in Microsoft Excel Format containing the following information for all potential FLSA collective members: (a) last name, (b) first name, (c) last known email address, and (d) last known mailing address.

3. Within ten (10) days of Back's receipt of the information from the Defendants, Back shall disseminate the approved notice and consent form documents to all putative members of the collective via United States mail and email. The Court approves the use of Back's proposed notice of collective action lawsuit [DN 23-1] and consent to become to party plaintiff [DN 23-2] forms. Back shall insert the applicable dates, as contemplated in the sections indicated by brackets in the approved form. Back shall concurrently send a copy of the Notice to Defendants.

4. Within two (2) business days of the sending of the Notice, the Defendants shall post the Notice at conspicuous-to-truck-driver-employee locations at all facilities operated by the Defendants, including the facility at 3296 State Route 181 South, Greenville, KY 42345. The Defendants shall keep the Notice so posted until 60 days following the sending of the Notice.

5. The email shall be from Back's counsel's email address and shall have the title "Court Approved Notice in *Samuel Back v. Ray Jones Trucking, Inc., et al.*" The email shall state the employee's name (e.g., "Mr. Smith:"), and shall then state "Attached to this email is a Notice which has been approved by the United States District Court for the Western District of Kentucky and which is being sent to you as a current or former employee of Ray Jones Trucking, Inc. Please review the attached Notice." This language shall be followed by Back's counsel's email signature block, which shall be as follows:

> Mark N. Foster
> Law Office of Mark N. Foster, PLLC
> P.O. Box 869
> Madisonville, KY 42431
> (270) 213-1303
> MFoster@MarkNFoster.com

The email shall attach a PDF format copy of the Notice (the title of the PDF document shall be "Court Approved Notice") and shall also separately attach a PDF copy of the Consent Form (the title of the PDF document shall be "Consent Form").

6. If the United States Postal Service returns notices to Back's counsel indicating that the United States Postal Service cannot deliver the mailing, as addressed, and Back's counsel has not received email communication from the employee in response to any email sent to the employee, the following shall occur:

(a) Back's counsel shall within three days inform the Defendants by email that the mailing has been returned. The Defendants shall then review its information for the employee at issue and the Defendants' counsel shall then, within three days of Back's email, notify Back's counsel of any other address or addresses that the Defendants have for the person in question or notify Back's counsel that the address previously provided is the only address

Defendants have for the person in question. Back's counsel shall, if the Defendants identify one or more address for the person in question, re-send the Notice to said new address within three days of receiving the new address from the Defendants and shall inform the Defendants' counsel by email within three days of such re-sending that Back's counsel has done so.

(b) If the notation from the United States Postal Service indicates another address which may be used to send mail to the person in question, Back shall re-send the notice to said address within three days of receiving the mailing back from the United States Postal Service and shall inform the Defendants' counsel that by email within three days of such re-sending that Back's counsel has done so.

(c) If the Defendants state that the Defendants have no other address for the person in question and the notification from the United States Postal Service does not include any other address which may be used to send mail to the person in question, Back may, within ten days of receiving such mailing back from the United States Postal Service, resend the mailing to such additional address as Back is able to determine utilizing internet searching and/or person location information services, and shall inform the Defendants' counsel by email within three days of such re-sending that Back's counsel has done so.

(d) In the event that the initial mailing and a subsequent mailing are returned with respect to a particular person, Back's counsel and the Defendants' counsel shall confer in good faith to determine whether there are other possible and reasonable methods for Back to provide the Notice to such individuals and, if so, utilize such methods. If the parties, after conferring, cannot agree on whether a particular method should be used, either party may file a motion relating to the disputed issue.

7. Back shall file all Consent Forms received from members of the conditionally certified collective promptly upon receipt by Back's counsel, and, in any event, within five days of receipt.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 22, 2022

cc: Counsel of Record

13