UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:22-CV-00005-JHM-HBB

SAMUEL BACK *o/b/o*
*Himself & All Others Similarly Situated*                                                    PLAINTIFF

VS.

RAY JONES TRUCKING, INC., et al.                                     DEFENDANTS

**MEMORANDUM OPINION
AND ORDER**

Before the Court is the motion of Plaintiff Samuel Back (DN 41). Back's motion complains that Defendant Ray Jones Trucking Inc. ("Jones Trucking") has failed to adequately respond to certain Requests for Admission[1] and, as a consequence, he asks that the Court enter an order deeming those requests to be admitted. In the alternative, he asks that Jones Trucking be compelled to provide adequate responses. He contends further that Jones Trucking has failed to respond to an interrogatory[2] and asks that it be compelled to respond. Jones Trucking has filed a Response in opposition (DN 42) and Back has filed a Reply (DN 43).

Nature of the Case

Back was employed by Jones Trucking as a truck driver. He claims that he and other drivers operating in intrastate commerce worked overtime during many workweeks but were not paid overtime compensation. He asserts that, while the Motor Carrier's Act provides an exemption to the Fair Labor Standards Acts for drivers in *interstate* commerce operating vehicles weighing

---

[1] Requests for Admission 22 through 39 of Plaintiff's First Set of Discovery Requests.

[2] Interrogatory 10 of Plaintiff's First Set of Discovery Requests.

more than ten thousand pounds, the exception does not apply because Jones Trucking was not an interstate carrier, and the drivers did not operate in interstate commerce (*see* 29 U.S.C. § 213(b)(1)). Jones Trucking contends that even though a driver may be engaged in purely intrastate travel, the driver may nonetheless be classified as exempt from overtime pay if that transportation is part of a continuity of movement across state lines or if the driver has a reasonable expectation of being called into such service.

## Discussion

Form MCS-150 is a United States Department of Transportation registration form for vehicles transporting passengers or hauling cargo in interstate commerce. <u>McClurg v. Dallas Jones Enters., Inc.</u>, No. 4:20-CV-00201-JHM, 2022 U.S. Dist. LEXIS 37573, at *8 n.1 (W.D. Ky. Mar. 3, 2022). Back contends in his motion, and Jones Trucking does not dispute in its Response, that while intrastate-only companies are not required by federal law to register or obtain a DOT number, Kentucky nonetheless requires intrastate companies to do so (DN 40, p. 3 n.1). As noted, Jones Trucking indicated on its Form MCS-150 that it operated in intrastate transportation. Back contends that this representation is inconsistent with the position Jones Trucking has taken in defending against his claim - namely that the drivers' work was part of continuity of movement across state lines or the drivers had a reasonable expectation of being called into such service. If either were true, Back argues, then Jones Trucking should have indicated on Form MCS-150 that it was engaged in interstate transportation.

Back's Requests for Admissions at issue relate specifically to Jones Trucking's Form MCS-150 filings. Back characterizes the requests as seeking admissions from Jones Trucking that:

> 1. The MCS-150 Forms in Ct. Doc. 34-1 are true and accurate copies of MCS-150 forms submitted by Defendant. See Requests for

> Admission No. 22, 27, 32, and 36, contained within Defendants' Responses to Plaintiff's Requests for Admission, attached hereto as Exhibit 1 ("Requests").
>
> 2. That the statements on each MCS-150 form were true. See Requests No. 23, 28, 33, and 37.
>
> 3. The Defendant signed the MCS-150 forms. See Requests No. 24, 29, 34, and 38.
>
> 4. That by signing the MSC-150 forms, Defendant certified that it was familiar with the Federal Motor Carrier Safety Regulations. See Requests No. 25, 30, 35, and 39.
>
> 5. That by signing the MCS-150 forms, Defendant declared under penalties of perjury that the information contained on that form was to the best of Defendant's knowledge and belief, true, correct, and complete. See Request No. 26.
>
> 6. That one of the MCS-150 forms was executed on April 26, 2022, after the filing on April 11, 2022 of Defendant's Amended Answer (Ct. Doc. 22) to Plaintiff's Complaint in this action. See Request No. 31.

(DN 41, pp. 5-6). Jones Trucking's responses to Request Nos. 22, 24, 25, 27, 29, 30, 32, 34, 35, 36, 38, and 39 were "see Response to Request for Admission No. 18" (DN 41-1, pp. 9-12). That Request for Admission and Jones Trucking's response were:

> 18. FMCSA includes in the information displayed through its SAFER system the information each applicant for a US Department of Transportation number provides to FMCSA on the Form MCS-150 required for applying for (and required to be filed periodically thereafter by holders of) a US Department of Transportation number.
>
> RESPONSE: Objection. This Request is overly broad, vague and ambiguous, and not limited in time or scope. Furthermore, this Request calls for the Defendant to (a) respond to information contained in a third party's website over which Defendant has no custody or control; and (b) comment on the information third parties "provided" to the FMCSA about which Defendant has no knowledge or control.

Furthermore, the information contained on the FMCSA website, or maintained by the FMCSA, has no bearing on the claims or defenses in this case as it does not provide information relative to whether the goods hauled by the Covered Employees were part of the practical continuity of movement, and therefore, constitutes interstate commerce. Further, the information contained on the FMCSA website does not provide information relative to whether the Covered Employees' job duties including [sic] transporting goods as part of the practical continuity of movement.

Similarly, the MCS-150 form is not required by the Federal Motor Carrier Administration ("FMCSA") in order to obtain a USDOT number. The USDOT number is a unique qualifier to collect and monitor a company's safety information acquired during audits, compliance reviews, crash investigations, and inspections. The FMCSA requires all entities under its jurisdiction to update their information every two years. The FMCSA is the governmental agency responsible for regulating and providing safety oversight of commercial motor vehicles. Its mission is to keep the nation's roadways safe, and to reduce crashes, injuries and fatalities involving large vehicles. The penalty for failing to apply for or update the USDOT number includes civil penalties. The Covered Employees do not have a private right of action for any alleged failure to properly complete the MCS-150 form.

Moreover, the Covered Employees have not alleged any violation of safety laws or regulations, but instead make a claim under the federal and state wage and hour laws. Notably, the FMCSA has no responsibility or authority to regulate wage and hour laws, including those falling under the Motor Carrier Act.

Accordingly, the information on the FMCSA website or contained in the MCS-150 has no bearing on the sole issue in this case: whether the Covered Employees' duties included the hauling of goods as part of the practical continuity of movement, and therefore, whether the Motor Carrier Act exemption applies. While Defendant denies that it improperly completed the MCS-150 form, such alleged error does not affect any fact or consequence in this litigation, *i.e.* whether the Covered Employees transported goods as part of the practical continuity of movement. Specifically, the completion of the MCS-150 form does not alter, negate, or void the Covered Employees' job duties. If the Covered Employees transported goods as part of the practical continuity of movement, the Motor Carrier exemption applies regardless of how the MCS-150 form was completed, or what information is maintained by the FMCSA.

> Defendant, therefore, objects to this Request as it is not designed to lead to the discovery or [sic] relevant or admissible evidence. Defendant further objects to this Request as its purpose is to unnecessarily extend the litigation into issues that have no bearing on the claims or defenses in this case, and to increase attorneys' fees in this matter.

(DN 41-1, pp. 7-8). Jones Trucking's responses to the remaining six requests for admission reflect the same theme. Responding to Requests 23, 28, 33 and 37, Jones Trucking referred to its response to Request 18 and further objected that these Requests presume "that the MCS-150 form governs the actual work of the Covered Employees, which it does not" (Id. at pp. 9-12). Similarly, in responding to Requests 26, and 31 it referred to Request 18 and further stated that "the proper or improper completion of the MCS-150 has no bearing on the claims or defenses asserted in this litigation" (Id. at pp. 10-11).

Back also seeks a response to an interrogatory 10 in his First Set of Interrogatories regarding Jones Trucking's Form MCS-150 filings:

> Do you contend that any statement you made to the United States Department of Transportation and/or Federal Motor Carrier Safety Administration (including any statement by you in any of your MCS-150 forms submitted under penalty of perjury that you and your drivers do not drive in interstate commerce) was incorrect and/or the result of mistake and/or inadvertence (or are you investigating whether any such statement may have been incorrect and/or the result of mistake and/or inadvertence)? If so, please describe in detail for each such statement (A) what statement you contend was or may be incorrect and/or the result of mistake and/or inadvertence, and what facts included therein were incorrect and/or the result of mistake and/or inadvertence, (B) what investigation you performed prior to making such statement regarding the facts included therein which were incorrect and/or the result of mistake and/or inadvertence, (C) when and how you first received any information suggesting that such statement might be incorrect and/or the result of mistake and/or inadvertence, (D) every step you have taken to investigate whether the statement was incorrect and/or the result of mistake and/or inadvertence, including the date of each action taken, (E) all documents or information you obtained relating to whether the statement was incorrect and/or the result of mistake

> and/or inadvertence, including the date each document or information was received by you, (F) whether you currently believe such statement was incorrect and/or the result of mistake and/or inadvertence and, if so, describe how you believe such statement was mistaken or otherwise incorrect (including describing the true correct facts you believe should have been included but were not included, including though mistake or inadvertence, if applicable), and, if so, when you formed such belief and how and why the incorrect statement, mistake and/or inadvertence occurred, (G) if you have not formed a belief regarding whether or not such statement was or was not incorrect or the result of mistake and/or inadvertence, so state, and state when you expect to complete your investigation and/or form such a belief, (H) describe all efforts you have made to inform the United States Department of Transportation and/or Federal Motor Carrier Safety Administration that such statement was or may be incorrect or the result of mistake and/or inadvertence, (I) describe all efforts you made to inform the Commonwealth of Kentucky Transportation Cabinet that such statement was or may be incorrect or the result of mistake and/or inadvertence and (J) describe all efforts you made to inform any insurer that such statement was incorrect or may be the result of mistake and/or inadvertence. Identify all documents relating to or constituting the matters requested to be addressed in this interrogatory.

(DN 41, p. 6). Jones Trucking's answer to the interrogatory essentially mirrors its response to Request for Admission number 18 (DN 41-2, p. 9).

"Requests for admission are not a general discovery device." Misco, Inc. v. U.S. Steel Corp., 784 F.2d 198, 205 (6th Cir. 1986) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2253, at 706 & n.23 (1970)). Rule 36 serves two vital purposes—to narrow the list of contested issues prior to trial (and thereby avoid wasting resources) and to elicit proof on the remaining issues. Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment; O'Neill v. Medad, 166 F.R.D. 19, 21 (E.D. Mich. 1996).

> Federal Rule of Civil Procedure 36 permits requests for admissions relating to a broad range of matters, including "facts, the application of law to fact or opinions about either[.]" Fed. R. Civ. P. 36(a)(1)(A). A party responding to a request for admission may (1) admit; (2) deny; (3) assert a lack of knowledge, despite reasonable

> inquiries to obtain such knowledge; or (4) object. *See* Id. at (a)(4)-(a)(5). When a party objects under subsection (4), it must state specific grounds for such objection. *See* Hammock v. Rogers, No. 1:17-cv-01939-CAB, 2018 U.S. Dist. LEXIS 114423, 2018 WL 3374053, at *1 (N.D. Ohio, July 10, 2018) (citations omitted). Under subsection (6), a party "may move to determine the sufficiency of an answer or objection" to a request for admission. Fed. R. Civ. P. 36(a)(6). Unless the court finds the responding party's objection is justified it must order that party serve an answer. Id. "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Id.

Factory Mut. Ins. Co. v. Derby Indus., LLC, No. 3:17-CV-00198-JHM-RSE, 2018 U.S. Dist. LEXIS 245851, at *7 (W.D. Ky. Oct. 5, 2018).

Jones Trucking makes clear in its responses to the discovery requests, and in its Response to Back's motion, that it considers matters related to the MCS-150 form to have no relevance to the issues to be decided in the case. Back contends that they are relevant and cites McClurg v. Dallas Jones Enterprises, Inc., No. 4:20-CV-00201-JHM, 2022 U.S. LEXIS 37573, at *13-14 (W.D. Ky. Mar. 3, 2022) in support. Similar to the present case, McClurg asserted that he drove in intrastate commerce and had not been paid overtime to which he was entitled. Id. at *2-3. Also similar to the present case, his employer had indicated on its Form MCS-150 that the driver operated in intrastate commerce but claimed in the litigation that the driver's duties were not exclusively intrastate. Id. at *2, 8. McClurg sought a ruling that the defendant was estopped from attempting to contradict the representation on the MCS-150 form. Id. at *8-10. The Court rejected McClurg's argument, noting that the MCS-150 form is not part of a judicial, quasi-judicial or administrative adjudicative process. Id. at *11. The Court did not, however, reject the relevance of the MCS-150 form, stating "the Court believes [Defendant's] prior statements contained within the MCS-150 forms should not be the subject of judicial estoppel, but should be analyzed under traditional summary judgment principles." Id. at *15.

7

Jones Trucking believes that, in so ruling, McClurg mistakenly relied upon D'Arpa v. Runway Towing Corp., No. 12-CV-1120, 2013 U.S. Dist. LEXIS 85697 (E.D. N.Y. June 18, 2013). Jones Trucking describes D'Arpa as holding that "the MCS-150 form could *not* be used as affirmative evidence in support of the overtime exemption because it did not establish the plaintiffs [*sic*] actual job duties" (DN 42, p. 7) (emphasis in original). This is a mischaracterization. The Defendant in that case argued the MCS-150 form constituted proof of whether it was engaged in interstate or intrastate transportation. Id. at *38. In ruling on a motion for summary judgment, the Court concluded that the defendant's "only evidence in support of the interstate transportation requirement is its own representations to the DOT during the period it employed Plaintiffs." Id. The Court concluded this alone was not enough to support summary judgment and went on to observe in a footnote that the defendant had failed to provide any evidence regarding the specific nature of the drivers' activities. See Id. at *38 n.26. Consequently, D'Arpa does not stand for the proposition that the MCS-150 form is irrelevant to the underlying question in this case, it simply stands for the proposition that it is not dispositive, and a party must present more evidence than the form alone. This is the same position the Court took in McClurg. See McClurg, 2022 U.S. Dist. LEXIS 37573 at *13-14 ("In D'Arpa, the MCS-150 forms were merely one component of evidence considered by the court in summary judgment."). The undersigned concurs that representations Jones Trucking made in the government agency filing regarding whether it was engaged in intrastate or interstate transportation is relevant to the parties' claims and defenses.

Jones Trucking's responses neither admit nor deny the Requests for Admissions, rather they set forth an extensive objection based upon relevance. As noted, the Court finds that the matters are relevant for purposes of discovery and overrules the objections. Attention turns next to whether the requests should be deemed admitted or whether Jones Trucking should be directed

to respond to the requests.  Rule 36(a)(5) provides that one of the options for responding to a request for admission is to assert an objection and state the grounds for doing so.  "[T]he plain language of Rule 36 does not shoehorn [a party] into the limited choice of making an admission or denial of each of the disputed requests."  Khaliel v. Norton Healthcare, Inc., No. 3:08-CV-69-C, 2012 U.S. Dist. LEXIS 181850, *14-15 (W.D. Ky. Nov. 20, 2012).  Here, Jones Trucking objected to the requests based upon relevance and stated the grounds upon which the objections were based.  Those objections having been overruled, it is appropriate for Jones Trucking to supplement its responses as admitting, denying, or asserting a lack of information or knowledge in accordance with Rule 36(a)(4).  The same is true for Jones Trucking's response to Interrogatory 10.

Back requests an award of attorney's fees in accordance with Fed. R. Civ. P. 37(a)(5).  The undersigned is not persuaded that Jones Trucking's objections lacked substantial justification in the context of this Rule and therefore declines to award fees.

**WHEREFORE**, the objections of Defendant Ray Jones Trucking, Inc. to Plaintiff's discovery requests discussed in this Order are **OVERRULED**.  Plaintiff's Motion to Deem Matters Admitted and to Compel Responses is **GRANTED IN PART and DENIED IN PART**.  Requests for Admission 22 through 39 are not deemed admitted.  Defendant is directed to supplement its answers to the Requests for Admissions and to Interrogatory 10 **within fourteen days of entry of this Order**.  Plaintiff's request for an award of attorney's fees is **DENIED**.

February 9, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:     Counsel of Record