UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:22-CV-00005-GNS-HBB

**SAMUEL BACK**                                                                                    **PLAINTIFF**

**VS.**

**RAY JONES TRUCKING, INC., et al.**                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff Samuel Back (DN 96). The motion is multifaceted, seeking to have stricken Defendants' motion to decertify (DN 78), Defendants' response to Back's motion for Rule 23 class certification (DN 80), and Defendants' motion for partial summary judgment (DN 88). Back further moves that the Court construe the Defendants' filings at DN 94 and 95 as motions and to deny them (DN 96). In the alternative, Back requests leave to file a sur-reply to address new issues arising from Defendants' substituted filings if Defendants are allowed to file the supplements (*Id.*). The Defendants have not filed a Response, and Back has filed a Reply (DN 100).

At the center of this procedural thicket is Back's claim that he and other drivers employed by Ray Jones Trucking were denied overtime compensation due to them under the Fair Labor Standards Act and the Kentucky Wage and Hours Act (DN 1). Back filed a motion to certify a class under Rule 33 (DN 77). The Defendants filed a competing motion to decertify (DN 78). The Defendants also filed a motion for partial summary judgment (DN 88). Briefing on that motion

was stayed, pending resolution of the class certification motions (DN 91).  Back's motion revolves around Defendants' various pleadings they sought to file under seal (DN 96).

Starting with the Defendants' motion for summary judgment, DN 88, the Defendants provisionally filed it under seal.[1]  They filed a motion for leave to file it under seal at DN 87.  The Defendants requested sealing because "the information contained within the documents reveal testimony and documents that third-party American Consolidated Natural Resources, Inc. ("ACNR") has designated as confidential pursuant to the Stipulated Protective Order. . .." (*Id.* at p. 1).  The undersigned denied the Defendants' motion to seal, pointing out that LR 5.6(c) did not authorize the sealing of documents on the basis that they have been designated as confidential by agreement of the parties.  The motion was denied with leave to refile, and the Clerk was directed to maintain DN 88 under seal pending further orders from the Court (DN 89).[2]  Time passed, and the Defendants took no action on the limbo status of their request for sealing.  Over four months later, the undersigned issued another order pointing out the Defendants' lack of action and providing a deadline, otherwise the motion would be unsealed (DN 92).  In response, the Defendants filed a pleading styled as a refiled memorandum in support of their motion for partial summary judgment (DN 94).  Attached was a redacted exhibit, which the Defendants stated eliminated the need for sealing (DN 94-1).  The Court treated the filing as a request to substitute the redacted exhibit tendered with DN 94 for the unredacted exhibit originally attached to the

---

[1] Documents for which sealing is sought are filed electronically as a provisionally sealed document.  The sealed document remains provisionally sealed until the Court rules on the motion to seal.  *See* Filing Sealed Documents and *Ex Parte* Motions Electronically, U.S. District Courts for the Eartern and Western Districts of Kentucky, https://www.kywd.uscourts.gov/sites/kywd/files/court_docs/Filing_Sealed_Documents_and_Ex_Parte_Motions_Electronically-1.pdf.

[2] When denying a motion to seal, the Court typically maintains the sealed status of the matter until the moving party refiles the motion or withdraws the tendered material.  *See e.g., Wright v. State Farm Mut. Auto. Ins. Co.*, No. 3:18-CV-777-CHB-CHL, 2019 U.S. Dist. LEXIS 246615 (W.D. Ky. July 1, 2019).

motion for partial summary judgment, DN 88.  The undersigned directed the Clerk to strike the unredacted exhibit, substitute the redacted exhibit and unseal the motion (DN 97).

Turning next to the Defendants' motion to decertify, DN 78, they similarly filed a motion to file it under seal, citing the same basis, namely that it contained information a third-party deemed confidential (DN 82).  In the course of resolving the issue with the exhibit to the motion for partial summary judgment, it came to the Court's attention that it had neglected to rule on the motion to seal the motion to decertify.  Consequently, as with the motion for partial summary judgment, the Court denied the request for sealing and directed the Clerk to maintain it under seal pending further orders of the Court.  This time the Defendants were given a deadline to address the matter (DN 97).  Taking a cue from the prior order substituting the exhibit, the Defendants filed a motion to substitute the redacted exhibit for the unredacted one originally filed with the motion (DN 98).  The Court granted the motion and, as before, directed the Clerk to strike the unredacted exhibit, substitute the redacted exhibit and unseal the motion (DN 99).

Finally, we have Defendants' response to Back's motion for Rule 23 Class certification, DN 80, which was filed under seal.  Defendants also filed a motion to seal at DN 83, providing as the basis the same reason: that it contained information a third-party deemed confidential.  The Court has not ruled on the motion, and it remains outstanding.

Before venturing into an evaluation of Back's motion, two observations are necessary.  First, the Defendants have not filed a response to the motion.  Where a party fails to file a response to a motion, LR 7.1(c) vests the Court with discretion to grant the motion for that reason.  Nonetheless, the Court declines to exercise that discretion and will rule on the merits of the motion.

Second, although the Defendants did not file a response, Back has filed a reply (DN 100).  He states in his reply that it is intended to "address Plaintiff's position about the appropriate next

steps, given Defendants' nonresponse." (*Id.* at p. 1). The reply also addresses developments in the case which took place subsequent to filing the initial motion (*Id.*). LR 7.1(c) provides that a party may file a reply "within 14 days of service of the response." Here, there is no response to which Back may reply, and, to that extent, Back's reply is unauthorized. The undersigned recognizes Back's desire to have his motion fully encompass all developments in the case, however the purpose of a reply is to address arguments the opposing party makes in a response, not to serve as a supplementation of the motion in the absence of a response. Indeed, when new arguments are included in a reply, the opposing party may be entitled to a sur-reply. *See Rose v. Liberty Life Assur. Co.*, No. 3:15-CV-28, 2015 U.S. Dist. LEXIS 141519, at *3 (W.D. Ky. Oct. 19, 2015).

Turning to the substance of Back's motion, as to the Defendants' motion to decertify (DN 78) and their Response to Back's motion for Rule 23 Class Certification (DN 80), the Court has recently ruled on both motions at DN 101, granting Back's motion to certify and denying the Defendants' motion to decertify. Given that Back has prevailed on both motions, his complaints about the exhibits appended to Defendants' pleadings are moot.

This leaves the Defendants' pending motion for partial summary judgment (DN 88). Pursuant to the agreement of the parties, the motion had been held in abeyance pending ruling on the certification motions (DN 91). Now that the Court has ruled on those motions, the stay is lifted and briefing will proceed (DN 101, p. 23). Back moves the Court to strike the motion because it was not properly filed under seal. The "'spirit and inclination' of the Federal Rules of Civil Procedure is to favor decisions on the merits and not on the basis of mere technicalities." *Hayes v. Dye*, No. 2008-165, 2010 U.S. Dist. LEXIS 91639, at *31 (E.D. Ky. Sept. 2, 2010) (citing *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986)); *see also Painter v. Memorandum Op. & Order*

*John Alden Life Ins. Co.*, No. 21-40, 2022 U.S. Dist. LEXIS 95514, at *6-7 (E.D. Ky. May 27, 2022).  The same holds true for the application of the Local Rules.

Given that Back's obligation to respond to the motion for partial summary judgment has been stayed to this point, he will now only be called upon to respond to the motion as it currently stands—including the redacted exhibit attached in support of the Defendants' motion.  The unredacted version has been stricken and is not part of the record.

**WHEREFORE**, Plaintiff's motion at DN 96 is **DENIED**.

H. Brent Brennenstuhl
United States Magistrate Judge

October 28, 2024

Copies:  Counsel

5